UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DAVID MAGEE | CIVIL ACTION |
| VERSUS | NO. 09-2845 |
| ART CATERING, INC. ET AL. | SECTION "K" (2) |

### ORDER ON MOTION

APPEARANCES: None (on the briefs)

MOTION: Plaintiff's Motion to Quash Subpoenas Duces Tecum, Record Doc. No. 38

O R D E R E D:

XXX : GRANTED IN PART AND DENIED IN PART, subject to the order contained herein. Subpoenas duces tecum "'are discovery devices which, although governed in the first instance by Rule 45, are also subject to the parameters established by Rule 26.'" Garvin v. Southern States Ins. Exchg. Co., No. 1:04cv73, 2007 WL 2463282, at *5 n.3 (N.D. W. Va. Aug. 28, 2007) (quoting In re Application of Time, Inc., 1999 WL 804090, at *7 (E.D. La. Oct. 6, 1999), aff'd, 209 F.3d 719, 2000 WL 283199 (5th Cir. 2000)); see also Williamson v. Horizon Lines LLC, 248 F.R.D. 79, 83 (D. Me. 2008) ("'parties should not be allowed to employ a subpoena after a discovery deadline to obtain materials from third parties that could have been produced before discovery'") (quoting 9A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2452 (3d ed. 2008)); Nicholas v. Wyndham Int'l, Inc., No. 2001/147-M/R, 2003 WL 23198847, at *1-2 (D.V.I. Oct. 1, 2003) (The "clear majority position [is] that use of Rule 45 subpoenas constitutes discovery and is thus governed by the temporal restraints of the previous case Scheduling Orders."); accord Martin v. Oakland County, No. 2:06-CV-12602, 2008 WL 4647863, at *1 (E.D. Mich. Oct. 21, 2008); Mortgage Information. Servs. v. Kitchens, 210 F.R.D. 562, 566-67 (W.D.N.C. 2002); Fabery v. Mid-South Ob-GYN, No. 06-2136, 2000 WL 35641544, at *1 (W.D. Tenn. May 15, 2000). "[W]hile subpoenas can be used to compel the production of documents at trial, they cannot be used as a means to engage in further discovery." American Honda Fin.

Corp. v. Salyer, No. 3:03cv651-WHB-JCS, 2006 WL 2594543, at *1 (S.D. Miss. Sept. 8, 2006) (quotation and citations omitted). Like all discovery, these subpoenas are subject to the court's orders and the Federal Rules of Civil Procedure.[1] The issuing court may modify an unreasonable subpoena in lieu of quashing it altogether. Fed. R. Civ. P. 45(c); 26(c)(1)(B).

In this case, the deadline for completion of all discovery was March 8, 2010, with a final pretrial conference on April 7, 2010 and jury trial on April 26, 2010. Record Doc. No. 6. Although these voluminous subpoenas were issued one week before the deadline, their return dates were all on April 15, 2010, eight (8) days after the final pretrial conference and eleven (11) days before trial. Of course, the court expects the final pretrial order to include a list of all trial exhibits, so that permitting this kind of ongoing document discovery after submission of the required pretrial order would disrupt the orderly preparation of this case for trial and unduly burden plaintiff's trial preparation. See Pretrial Notice attached to Scheduling Order, Record Doc. No. 6.

Discovery may be conducted after the deadline set in a court's Rule 16 scheduling order only on a showing of "good cause." A Rule 16 order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4) (emphasis added). In determining "good cause" in connection with a Rule 16 scheduling order of the type that was entered in this case, the court must weigh the following factors: (1) the explanation for the failure to comply, (2) the importance of the matters that are the subject of the order, (3) potential prejudice in allowing the requested action and (4) the availability of a continuance to cure such prejudice. Nunez v. United States Postal Serv., 298 Fed. Appx. 316, 2008 WL 4726247, at *2 (5th Cir. 2008) (citing Metro Ford Truck Sales, Inc. v. Ford Motor Co., 145 F.3d 320, 324 (5th Cir. 1998)); Hamburger v. State Farm Mut. Auto. Ins. Co., 361 F.3d 875, 883 (5th Cir. 2004) (citing Geiserman v. MacDonald, 893 F.2d 787, 791 (5th Cir. 1990)).

Weighing these factors in this case favors a finding of good cause sufficient to relax the court's discovery deadline to permit these subpoenas only to some extent and under certain conditions. Defendant has represented in its counsel's opposition memorandum, Record Doc. No. 44 at p. 1, that "many providers [subpoena recipients] have already responded and most of the others produced records months ago so the subpoenas are only to update the records before trial." While the explanation contained in the opposition memo for the issuance of the subpoenas only one week before the

---

[1]The "Notice(s) of Subpoena Duces Tecum" signed by defense counsel and attached to each subpoena assert that they are issued "pursuant to La. Code Civ. Pro. Ann. Arts. 1354 and 1356." Of course, the Federal Rules of Civil Procedure, not Louisiana procedural rules, apply to this action in this court.

2

discovery deadline is persuasive, it does not adequately explain the late return dates. The materials sought are important evidence. There is prejudice to plaintiff's trial preparation efforts in allowing the extremely late returns provided in the subpoenas, but that prejudice can be cured by a modest and limited extension of the discovery deadline, without a trial date continuance. Accordingly, the motion is denied insofar as it seeks an order quashing the subpoenas altogether, but only under the following conditions:

**IT IS ORDERED** that the subject subpoenas are hereby modified to require returns no later than **March 29, 2010**. **IT IS FURTHER ORDERED** that no later than **March 30, 2010**, defendant must provide plaintiff with copies of <u>all</u> materials it receives in response to these subpoenas. **IT IS FURTHER ORDERED** that defendant is prohibited from using at trial or in connection with any other hearing or motion in this matter any materials (a) it receives in response to the subject subpoenas after **March 29, 2010,** and/or (b) fails to provide to plaintiff, as ordered herein.

New Orleans, Louisiana, this ___22nd___ day of March, 2010.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

3